**Donald Gregory DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62895.**

Court of Criminal Appeals of Texas.

July 21, 1982.

Jim Vollers, Austin, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler and Mike Patterson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant was convicted of attempt to compel prostitution. Following a bench trial, punishment was assessed at five years' confinement.

■ Because appellant challenges the sufficiency of the evidence to sustain his conviction, a review of the facts is required.

Viewing the record in the light most favorable to the verdict, the evidence reflects that on July 3, 1977, Barbara Anderson, the complainant, was arrested and placed in jail for possession of marihuana. While in jail, she was approached by Debbie Hayes, appellant's common-law wife. Hayes offered to have Anderson bailed out of jail and in return Anderson would become a prostitute for appellant. On the afternoon of July 3, 1977, Anderson was bailed out of jail by appellant. As she was walking from the City Jail, appellant grabbed her at knifepoint, told her she was going to prostitute for him, and with the assistance of two other men, appellant took her to his apartment.

On repeated occasions at the apartment, appellant would demand that Anderson prostitute for him. On the first occasion, when she refused, appellant hit her, causing her to hit her head on a coffee table, rendering her unconscious. On the second occasion, when she refused, appellant put a butcher knife to her throat and threatened to kill her if she did not prostitute. On another occasion, appellant used a curling iron to burn Anderson's thigh. Finally, on July 10, 1977, Anderson and Rosemary Wise, another of appellant's victims, agreed to prostitute for appellant. They intended to get out of the house and contact the police regarding what had happened to them. Appellant drove both girls to an area in Dallas frequented by prostitutes. After they were sure appellant was out of sight, they called the police and related what appellant had done to them. It is clear that appellant used force and threats in an attempt to compel Anderson to commit prostitution. The evidence is sufficient.

■ In his first ground of error, appellant complains that the indictment is fundamentally defective for failing to allege that the attempt to compel prostitution was by force, threats or fraud. No motion to quash was filed.

The elements of compelling prostitution as defined in V.T.C.A., Penal Code, Section 43.05(a)(1), are (1) a person (2) knowingly

(3) causes by force, threat, or fraud (4) another (5) to commit prostitution.

The indictment alleges:

" ... then and there with specific intent to commit the offense of compelling prostitution, knowingly and intentionally, by force, threats and fraud, attempt to cause another, namely, Barbara Fawn Anderson, hereinafter called complainant, to commit prostitution, to-wit: the said defendant hit the said complainant with his hands in an attempt to cause the said complainant to commit prostitution, said act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended, ... "

Reading the indictment as a whole, all of the constituent elements necessary to an attempted offense under V.T.C.A., Penal Code, Section 43.05(a)(1), are alleged. Clearly, the indictment sufficiently alleges that appellant used force, threats, and fraud in his attempt to compel the complaining witness to commit prostitution. Appellant's first ground of error is overruled.

In his second ground of error, appellant argues the indictment fails to allege the secondary culpable mental state required for the offense of prostitution. V.T.C.A., Penal Code, Section 43.02(a), provides the following:

"(a) A person commits an offense if he knowingly:

"(1) offers to engage, agrees to engage, or engages in sexual conduct for a fee; or

"(2) solicits another in a public place to engage with him in sexual conduct for hire."

Appellant argues that, as such, the indictment is fundamentally defective.

As noted above, appellant was indicted for attempting to *compel* prostitution. Thus, only the elements of that offense, attempting to compel prostitution need be set out in the indictment. There is no need to set out the elements of prostitution. The actual commission of the offense of prostitution is not a prequisite to the commission of the offense of compelling prostitution. For an analogous situation, see *Earl v. State*, 514 S.W.2d 273 (Tex.Cr. App.1974), where the appellant was indicted for aggravated robbery and on appeal he argued the indictment should have alleged the elements of theft. In looking at the indictment in the instant case, we find that the required culpable mental state is properly alleged. Thus, appellant's second ground of error is overruled.

In his final ground of error, appellant complains that the trial court considered evidence outside the record. After the appellant testified that he had been watching a pre-season Dallas Cowboy football game on July 10, 1977, the trial court stated:

"THE COURT: Let me ask you, look here, Mr. Davis, let me show you what is a 1977 schedule of the Dallas Cowboys. It shows the first game on August 6th with,

"THE DEFENDANT: (interposing) San Diego.

"THE COURT: All right. Look at all those dates. Does that appear to be the schedule?"

No objection on this or any other grounds was urged to the trial court and nothing is presented for review. *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978). Appellant's fourth ground of error is overruled.

The judgment is affirmed.