Gerald Wesley TUBBS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–00803–CR.

Court of Appeals of Texas,
Dallas.

May 1, 1984.

Noel Portnoy, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth Lown, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, WHITHAM and ROWE, JJ.

STOREY, Justice.

Appellant, Gerald Wesley Tubbs, appeals from a probation revocation order. He contends that the indictment upon which the probation judgment was based is fundamentally defective. We disagree and, thus, affirm.

We note at the outset that a fundamentally defective indictment fails to invoke the jurisdiction of the trial court and may be noticed or raised at any time, including on appeal from an order revoking probation. *Daniels v. State*, 573 S.W.2d 21 (Tex.Cr.App.1978).

Appellant was indicted for the offense of compelling prostitution, pursuant to TEX. PENAL CODE ANN. § 43.05 (Vernon 1974), which states:

§ 43.05. Compelling Prostitution

(a) A person commits an offense if he knowingly:

(1) causes another by force, threat, or fraud to commit prostitution; or

(2) causes by any means a person younger than 17 years to commit prostitution.

The indictment, which appellant argues is fundamentally defective, states in pertinent part, that:

Gerald Wesley Tubbs ... did then and there knowingly cause Michelle Rene Bailey, a person younger than 17 years of age, to commit prostitution.

Thus, appellant was indicted for violating TEX.PENAL CODE ANN. § 43.05(a)(2).

Appellant argues that the indictment is fundamentally defective for failing to allege an essential element of the offense. Specifically, he argues that the indictment neither alleges the means by which appellant caused Michelle Rene Bailey to commit prostitution nor does it allege that appellant caused Michelle Rene Bailey to commit prostitution by any means. Because there was no pre-trial motion to quash the indictment, reversal is mandated only if the indictment is so defective as to state no offense at all. *Franklin v. State*, 607 S.W.2d 574 (Tex.Cr.App.1980). On the other hand, an indictment which fails to allege facts sufficient to bar a subsequent prosecution for the same offense or which is insufficient to give the accused notice of precisely that with which he is charged does not render an indictment or information void. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App. 1974).

We interpret TEX.PENAL CODE ANN. § 43.05(a)(2) as stating that a person commits an offense if he knowingly causes a person younger than 17 years to commit prostitution *regardless of the means used.* Thus, because an offense occurs if a defendant compels prostitution regardless of the means used to compel the prostitution, it logically follows that an indictment is not fundamentally defective for failing to describe the specific means used. The failure of the indictment to allege the manner and means used does not constitute a failure to allege an element of the offense. *Eanes v. State*, 546 S.W.2d 312 (Tex.Cr.App.1977).

Therefore, we hold that the indictment charges an offense and is not fundamentally defective.

Affirmed.