Waggoner v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00279-CR







Brik Waggoner, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0941886, HONORABLE JOE DIBRELL, JUDGE PRESIDING







 A jury found appellant Brik Waggoner guilty of compelling prostitution and
assessed punishment at twenty years' imprisonment and a ten thousand dollar fine. Tex. Penal
Code Ann. § 43.05 (West 1994). (1) We will affirm.



BACKGROUND


 Eric De Los Santos, an Austin police investigator, devised a sting operation using
Charlene Wright, the owner of an escort service. During a meeting with appellant, Wright wore
an electronic monitoring device in order to obtain evidence of his intent to deliver a minor for
prostitution. Appellant informed Wright that he had a young girl ("Y.T.") available for prostitution, and the two arranged "a call" at the Towers of Town Lake. Y.T. was thirteen years
old at the time.

 Appellant drove Y.T. to the Towers of Town Lake. On the way, he purchased
condoms at a convenience store and gave one to Y.T. He also provided Y.T. with a cellular
telephone so that she could call him if the man she met made her feel uncomfortable. On arriving
at the Towers of Town Lake, appellant related an entry code to a security guard.

 De Los Santos had stationed a surveillance team outside the Towers of Town Lake. 
The police arrested appellant shortly after he and Y.T. arrived. The police searched appellant's
vehicle and discovered a cellular telephone and a box of condoms with one missing. They found
a single condom of the same brand in Y.T.'s pocket. A jury found appellant guilty of compelling
prostitution. Appellant appeals his conviction. 



DISCUSSION


 In his second and third points of error, appellant argues that the trial court denied
his right to confrontation by excluding certain evidence in violation of the state and federal
constitutions. These points of error are not properly before this court. Appellant did not argue
at trial that exclusion of the proffered evidence resulted in an unconstitutional denial of his right
to confrontation; therefore, he has not preserved the basis of these complaints for our review. An
appellate court "will not consider errors, even those of constitutional magnitude, not called to the
trial court's attention." State v. Nolan, 808 S.W.2d 556, 559 (Tex. App.--Austin 1991, no pet.);
see also Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding that the appellant
had an obligation to object at trial to preserve his right to confrontation claim for appeal, and
writing that "[e]ven constitutional errors may be waived by failure to object at trial"). We
overrule appellant's second and third points of error.

 In his first point of error, appellant contends that the record evidence is insufficient
to support the jury's finding that appellant is guilty of compelling prostitution. When reviewing
the legal sufficiency of the evidence in support of the jury's verdict, the court must determine
whether the record evidence could reasonably support a finding of guilt beyond a reasonable
doubt. The question is not whether the appellate court believes the evidence at trial established
guilt beyond a reasonable doubt. Instead, the appropriate inquiry is whether any rational trier of
fact, viewing the evidence in the light most favorable to the prosecution, could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 A person commits the offense of compelling prostitution who knowingly:



(1) causes another by force, threat, or fraud to commit prostitution; or


(2) causes by any means a person younger than 17 years to commit
prostitution.



Tex. Penal Code Ann. § 43.05(a) (West 1994). Appellant argues that there is insufficient
evidence of (1) causation and (2) prostitution committed by Y.T.



I.  Causation

 The Penal Code provides the following general definition of causation:



A person is criminally responsible if the result would not have occurred but for his
conduct, operating either alone or concurrently with another cause, unless the
concurrent cause was clearly sufficient to produce the result and the conduct of the
actor clearly insufficient.



Tex. Penal Code Ann. § 6.04(a) (West 1994). (2) Appellant argues that the State must prove
appellant compelled Y.T. to act, and that causation is lacking because Y.T. admitted "appellant
never made her get in the [car], never threatened her, never hit her, never grabbed her, and never
hurt her." The State, however, need not show that an accused used force or threats in compelling
a child to commit prostitution because "[a] person commits an offense of compelling prostitution
if he knowingly . . . causes by any means a person younger than 17 years to commit prostitution." 
Id. § 43.05(a)(2) (emphasis added). Because Y.T. was thirteen years old, the State was not
limited to proving that appellant compelled Y.T. to commit prostitution by force, threat, or fraud. 
Instead, the State could demonstrate any means by which appellant caused Y.T. to act. See Tubbs
v. State, 670 S.W.2d 407, 408 (Tex. App.--Dallas 1984, no pet.) ("We interpret Tex. Penal Code
Ann. § 43.05(a)(2) as stating that a person commits an offense if he knowingly causes a person
younger than 17 years to commit prostitution regardless of the means used.").

 Beyond the Penal Code's definition of causation, Texas law provides little guidance
as to the meaning of causing a minor to commit prostitution "by any means." Construing a
similar penal statute, (3) the Oregon Court of Appeals held: "The purpose of . . . the statute is to
provide maximum protection for minors from the harmful, cumulative effects of a life of
prostitution. . . . [The statute] is intended to prohibit `conduct that exploits the immature'
regardless of coercion." State v. Wood, 579 P.2d 294, 296 (Or. App. 1978) (citation omitted). 
As the court observed, "one who provides opportunity for a willing minor to engage in
prostitution and influences, persuades or prevails upon her to do so has . . . caused the
prostitution . . . ." Id. (emphasis added).

 Appellant clearly provided the opportunity for Y.T. to engage in prostitution. He
provided the contact and the meeting. He negotiated the price. He gave Y.T. a condom and a
cellular telephone. He drove Y.T. to the location. Finally, he gave the security guard at the
Towers of Town Lake the code enabling Y.T. to enter the premises. 

 The record also reflects that appellant persuaded Y.T. to go through with the
encounter. Investigator De Los Santos overheard appellant state that he tried to teach Y.T. how
to use condoms. Y.T. testified that appellant told her she would receive $1,000 per hour if she
would "do a call." She testified that she did not wish to get in the car with appellant, but that she
was afraid he would harm her if she did not. She stated that she was scared by the way appellant
looked at her and touched her. Further, Y.T. testified that she was going to have sex with a man
for money because she was afraid of being hurt if she did not go along with appellant's scheme. 
The evidence shows that appellant delivered Y.T. for prostitution, and by the means employed
caused her to act. Accordingly, we hold that the evidence is sufficient to support the jury's
finding that appellant knowingly caused Y.T. to commit prostitution.



II.  Prostitution 

 Appellant also seeks reversal on the basis that there is insufficient evidence to
establish that prostitution occurred. However, the actual commission of the offense of prostitution
is not a prerequisite to the commission of the offense of compelling prostitution. Davis v. State,
635 S.W.2d 737, 739 (Tex. Crim. App. 1982); see also Reese v. State, 725 S.W.2d 793, 795
(Tex. App.--Beaumont 1987), rev'd on other grounds, 773 S.W.2d 314 (Tex. Crim. App. 1989). 
Thus, the State need not prove that Y.T. committed prostitution in order for the jury to find
appellant guilty of compelling prostitution. See Davis, 635 S.W.2d at 739. We overrule
appellant's first point of error.



CONCLUSION


 The record evidence is sufficient to support the jury's guilty verdict. We hold that
a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could
have found the essential elements of the crime of compelling prostitution beyond a reasonable
doubt. Accordingly, we affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: April 12, 1995

Publish 

1. [1] This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense occurred. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex.
Gen. Laws 3586, 3705. Because the Code amendments effective September 1, 1994, did not
alter § 43.05, we cite the current Code for convenience.
2. [2] The cause is governed by the law in effect at the time the offense occurred. Penal Code,
73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705. Because the Code
amendments effective September 1, 1994, did not alter § 6.04(a), we cite the current Code for
convenience.
3. [3] The Oregon compelling prostitution statute provides:


(1) A person commits the crime of compelling prostitution if the person
knowingly:


 (a) Uses force or intimidation to compel another to engage in prostitution; or


 (b) Induces or causes a person under 18 years of age to engage in
prostitution[.] 


Or. Rev. Stat. § 167.017 (1993).