NUMBER 13-99-728-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 


ENRIQUE CISNEROS CANTU , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 


On appeal from the 36th District Court

of San Patricio County, Texas.

___________________________________________________________________ 



O P I N I O N



Before Justices Dorsey, Yañez and Castillo

Opinion by Justice Castillo



Appellant Enrique Cisneros Cantu appeals the order of the trial court revoking his community supervision and sentencing
him to seven years imprisonment. Appellant complains that the trial court considered evidence outside the record during
the dispositional phase of the revocation proceeding. We affirm. 

Procedural History and Relevant Facts

On December 15, 1995, appellant pled guilty to a second degree felony offense of possession of more than 50 pounds but
less than 2000 pounds of marijuana. Approving the plea agreement, the trial court found appellant guilty of the offense,
assessed punishment at ten years imprisonment and a $3,000 fine, and placed him on community supervision for ten years.
On August 19, 1999, the State filed a motion to revoke, alleging that appellant had violated certain terms and conditions of
his community supervision. On October 22, 1999, the trial court held a hearing in which appellant pled true to the
allegations contained in the State's motion to revoke. Without objection, a stipulation and judicial confession was
admitted as evidence, in which appellant pled true to violating the terms and conditions of his community supervision. The
trial court found that appellant violated the terms and conditions of his probation as alleged and proceeded to the
dispositional phase of the hearing. A pre-sentence investigation report was admitted into evidence, without objection,
which indicated that appellant had previously been confined in federal prison for 40 months after a conviction for
possession with intent to distribute 109 pounds of marijuana in 1989. Appellant testified that more recently he had been
arrested for public intoxication. At the close of the evidence, the trial judge stated he had reviewed the case then asked, "Is
this the Rosecase?", to which appellant responded, "Yes, sir." 

There was no objection lodged to this question nor any query by the defense counsel about the judge's inquiry. Referring to
the prior felony conviction, the trial judge stated he would not have granted probation in the case had he heard it initially.
The trial court revoked appellant's probation, assessed a seven-year prison term and ordered payment of the balance of the
$3,000 fine initially imposed. 

Discussion 

In one issue , appellant claims that the trial court improperly considered evidence outside the record during the
dispositional phase of the revocation proceeding and that such evidence was harmful and resulted in his imprisonment. We
note first that appellant does not challenge the trial court's finding that he had violated the conditions of his probation.
Appellant's sole complaint relates to the determination by the judge as to the disposition of his case. 

 A defendant whose community supervision has been revoked may appeal the revocation. Tex. Code Crim. Proc. Ann, Art.
42.12,§23(b)(Vernon Supp. 2001); Corley v. State, 782 S.W.2d 859, 860 (Tex. Crim. App. 1989). We review an order
revoking community supervision under the abuse of discretion standard. Caddell v. State, 605 S.W.2d 275, 277 (Tex.
Crim. App. 1980). Where the proceedings are regular and the violation properly proven, the question of abuse of discretion
"answers itself." Flourney v. State, 589 S.W.2d 705, 709 (Tex. Crim. App. 1979). 

 Once a judge has determined that one or more conditions of community supervision have been violated, he may then
continue, extend, modify, or revoke the probation, in his discretion. Tex. Code Crim. Proc. Ann. art. 42.12, §21(b)
(Vernon Supp. 2001); Flourney, 589 S.W.2d at 708. When the finding of at least one violation of probation is supported by
the evidence and procedural problems are not raised, the discretion of the trial court to choose revocation is substantially
absolute. Id. Whether the trial court should have revoked community supervision on the basis of a particular violation is a
matter of discretion that a reviewing court should not disturb. Flourney, 589 S.W.2d at 709. An appeal in such a case is
"practically an exercise in futility." Id. 

 In the present case, appellant pled true to four allegations contained in the State's motion to revoke, judicially confessed to
all four, and testified that he had recently been arrested for public intoxication. There was ample evidence to support the
judge's decision to revoke appellant's community supervision and we decline to disturb the judge's decision to revoke
appellant's community supervision rather than continue, modify, or extend it. 

 Appellant urges that a procedural error did occur, arguing that the trial court improperly considered evidence which was
not introduced into evidence, namely, the "Rose" matter. He further argues that this is constitutional error which requires a
harm analysis. In reviewing the record, we find no evidence of any objection to this question. Without a proper objection
to the trial court, this issue is not preserved for our review. Tex. R. App. P. 33.1; Davis v. State, 635 S.W.2d 737, 739
(Tex. Crim. App. 1982). 

 While we need not reach the question of whether such a comment constitutes constitutional error, we do note that there is
no evidence that the complained-of "evidence" was considered by the court, much less that it was harmful. In announcing
his decision, the trial court made reference to the prior federal felony conviction addressed in the pre-sentence investigation
report together with appellant's conduct in the instant case. There was no reference whatsoever to the "Rose" matter.
Appellant's mere assertion that, since the judge asked about the matter prior to announcing his decision, he must have
considered it in a way harmful to the defendant is not supported by the record and cannot be considered on appeal. Franklin
v. State, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985). 

Conclusion

 The trial court found that appellant violated the conditions of his community supervision. We find that the evidence
adduced at the hearing supports the trial court's findings. We therefore find no abuse of discretion. The judgment of the
trial court is affirmed. 

 ERRLINDA CASTILLO, 

Justice

Do not publish . 

Tex. R. App. P. 47.3(b). 

Opinion delivered and filed 

this 15th day of February, 2001.