Opinion issued July 31, 2008 








 
 








In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00274-CV

____________


IN THE MATTER OF B.W.,







On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause No. 2007-00622J






O P I N I O N

 Appellant, a juvenile, with an agreed recommendation from the State, pleaded
true to engaging in delinquent conduct (1) by committing the offense of prostitution. (2) 
After the trial court found that appellant had engaged in delinquent conduct and was
in need of rehabilitation, it ordered that appellant be placed on probation for one and
one-half years in the custody of the Chief Juvenile Probation Officer. In three issues,
appellant contends that "a child cannot [legally] consent to sex with an adult" and,
therefore, "prosecution" of a thirteen-year-old juvenile for the offense of prostitution
leads to an absurd result, violates due process of law, and "offends public policy
notions that children [suffering] sexual exploitation must be protected as victims."

 We affirm.

Factual and Procedural Background

 At appellant's adjudication hearing, the State, before appellant pleaded true to
engaging in delinquent conduct, offered into evidence, without objection, a
"Stipulation of Evidence," signed by appellant, in which she admitted that she had
engaged in delinquent conduct by committing the offense of prostitution. After
appellant pleaded true to engaging in the conduct, the State offered into evidence a
juvenile probation report, regarding appellant's history and the delinquent conduct.

 In the report, Juvenile Probation Officer L. Sarfati stated that, in November of
2004, appellant, when she was eleven years old, was placed into the custody of Child
Protective Services ("C.P.S."). In October of 2005, appellant ran away from her
group home facility, and, for the next fourteen months, C.P.S. did not know of her
whereabouts.

 However, on January 12, 2007, at approximately 10:45 a.m., when appellant
was thirteen years old, Houston Police Department Officer Nieto, working undercover
in an unmarked car, drove past appellant, and she waved him over. After Nieto
stopped his car, appellant approached Nieto and told him that her name was
"Cynthia." Nieto asked appellant "what's up," and appellant offered to give Nieto a
"blow job" for $20. After Nieto agreed, appellant entered Nieto's car, and he arrested
her for the offense of prostitution.

 After considering appellant's plea and the information in the report, the trial
court found that appellant had engaged in delinquent conduct and was in need of
rehabilitation. Appellant subsequently filed a motion for new trial, in which she
asserted that the State, as a matter of law, may not prosecute a juvenile for the offense
of prostitution. The trial court denied appellant's motion, but granted her permission
to appeal. Adjudication for Engaging in Delinquent Conduct

 In her three issues, appellant argues that, although the State may "technically"
adjudicate a juvenile for an offense that it may bring against an adult, the State cannot
legally adjudicate a juvenile as engaging in delinquent conduct by committing the
offense of prostitution because "a child cannot [legally] consent to sex with an adult." 
She asserts that adjudication of a juvenile for the offense of prostitution leads to an
absurd result, violates due process of law, and "offends public policy notions that
children [suffering] from sexual exploitation must be protected as victims." (3)

 The construction to be given to a statute is a question of law. State v. Vasilas,
187 S.W.3d 486, 488 (Tex. Crim. App. 2006). We begin with the plain language of
a statute in order to discern its meaning. Id. When a statute does not define a word,
we also give the word its plain meaning. State v. Holcombe, 187 S.W.3d 496, 500
(Tex. Crim. App. 2006). In determining the plain meaning of a word, "we initially
look to dictionary definitions." Id. One of the narrow exceptions to giving a word
its plain meaning is if doing so would lead to absurd results. Boykin v. State, 818
S.W.2d 782, 785-86 (Tex. Crim. App. 1991). 

 The Texas Family Code provides that the juvenile justice courts have
jurisdiction in "all cases involving . . . delinquent conduct . . . by a person who was
a child." Tex. Fam. Code Ann. § 51.04(a) (Vernon 2002). A "child" is a person
who is ten years old or older and under seventeen years of age. Id. § 51.02(2)
(Vernon Supp. 2007). "Delinquent conduct" includes "conduct, other than a traffic
offense, that violates a penal law of this state or of the United States punishable by
imprisonment or by confinement in jail." Id. § 51.03(a)(1) (Vernon Supp. 2007). 

 A child may be found to have engaged in delinquent conduct only after an
adjudication hearing. Id. § 54.03(a) (Vernon Supp. 2007). If the trial court finds that
the child engaged in delinquent conduct, the trial court may conduct a disposition
hearing. Id. § 54.03(h) (Vernon Supp. 2007). Disposition is synonymous "'for
sentencing[ ] and is used to honor the non-criminal character of the proceedings.'" 
In re K.T., 107 S.W.3d 65, 67 (Tex. App.--San Antonio 2003, no pet.) (quoting In
re C.S., 804 A.2d 307, 309 n.2 (D.C. 2002)). At the disposition hearing, "[n]o
disposition may be made . . . unless the child is in need of rehabilitation or the
protection of the public or the protection of the child requires that disposition be
made." Tex. Fam. Code Ann. § 54.04(a), (c) (Vernon Supp. 2007). If no such
findings are made at the disposition hearing, "the [trial] court shall dismiss the child
and enter a final judgment without any disposition." Id. § 54.04(c). Moreover, the
adjudication or disposition of a child generally does not constitute a criminal
conviction. Id. § 51.13(a) (Vernon Supp. 2007). 

 A "person" commits the offense of prostitution if the person "knowingly . . .
offers to engage, agrees to engage, or engages in sexual conduct for a fee." Tex.
Penal Code Ann. § 43.02(a) (Vernon 2003). The offense of prostitution is
punishable by confinement in jail. See id. §§ 12.22(2) (Vernon 2003), 43.02(a). 
Thus, a child who commits the offense of prostitution engages in delinquent conduct
because prostitution is a penal offense that is punishable by confinement in jail. See
Tex. Fam. Code Ann. § 51.03(a)(1); Tex. Penal Code Ann. §§ 12.22(2),
43.02(a)(1). 

 Here, appellant does not dispute the fact that she engaged in an act that
constitutes the offense of prostitution. Nevertheless, she argues that, although, "[i]n
1973, the Texas Legislature applied [all of] the Texas Penal Code to [j]uveniles,
making it a part of the Texas Family Code," (4) the State may not "prosecute" a juvenile
for the offense of prostitution because the Texas Legislature could not have intended
with "the blanket incorporation" of the Texas Penal Code into the Texas Family Code
that a child could commit the offense of prostitution due to it leading to an "absurd
result." 

 We first note that appellant's argument is based on a false premise. She, in
fact, was not prosecuted for committing a crime. See Tex. Fam. Code Ann. §
51.13(a). Also, it does not lead to an absurd result to conclude that the plain meaning
of delinquent conduct includes prostitution because the legislature defined delinquent
conduct as "conduct . . . that violates a penal law." See id. § 51.03(a)(1). In fact, the
legislature expressly excluded "a traffic offense" from the definition of delinquent
conduct. See id. The legislature was free to exclude section 43.02 from the definition
of delinquent conduct, but it did not do so. See id. Moreover, the legislature was also
free to not define section 43.02 as applying to any "person," but it also chose not to
do so. See Tex. Penal Code Ann. § 43.02 (Vernon 2003). 

 Appellant next argues that the State may not "prosecute" a juvenile for the
offense of prostitution because "[t]he statutory goals cannot be harmonized with the
prosecution of a 13-year-old child for a prostitution charge," asserting that, to do so,
would "not only directly contradict[] the language and intent of these other protective
statutes in the same chapter and section of the Code[,] but, it weakens them" and
would also violate public policy. Appellant refers us to Texas Penal Code section
22.021, the offense of aggravated sexual assault, and Texas Penal Code section 43.05,
the offense of compelling prostitution. See id. § 22.021 (Vernon Supp. 2007), §
43.05 (Vernon 2003). Intertwined with this argument, appellant asserts that, because
"a child under fourteen cannot legally consent to sex," "[i]t should follow that the
legislature could not have intended that a 13-year-old child be prosecuted for an act
for which the legislature has specifically provided that the child's consent to the
elements of the crime has no legal effect against the child." Appellant relies upon
section 43.02's language which provides that appellant had to "offer[] to
engage . . . in sexual conduct for a fee" and, appellant, as a minor, could not make an
"offer." 

 The offense of aggravated sexual assault prohibits a "person" from
intentionally or knowingly causing a wide array of sexual contact with a "child." Id.
§ 22.021. A child is defined as "a person younger than 17 years of age who is not the
spouse of the actor." Id. §§ 22.011(c)(1), 22.021(b)(1) (Vernon Supp. 2007). The
offense of compelling prostitution prohibits a "person" from knowingly causing, "by
any means[,] a person younger than 17 years to commit prostitution." Id. § 43.05. 
Moreover, even if a child consents to sexual activity "in fact," a child under the age
of fourteen is incapable of granting legal consent to sexual conduct. May v. State,
919 S.W.2d 422, 424 (Tex. Crim. App. 1996); see Tex. Penal Code Ann. §
22.021(a)(2)(B).

 Appellant asserts that, if she "had begun performance of the act agreed to, the
law mandates [that] she is the victim to be protected by the State and her consent, for
whatever reason, to the sex act would not be a defense for the adult [who]
exploit[ed]" her. However, appellant is an offender who was adjudicated for
engaging in delinquent conduct by committing the offense of prostitution. In P. G.
v. State, the Fourth Court of Appeals reasoned that a sixteen-year-old child could
consent to engaging in delinquent conduct by sexually abusing another child:

[T]he focus of these penal statutes is on the victim and his ability to
consent. The statutes evidence an intention to protect a child from
anyone who commits a sexual assault on him with or without his
consent. It would frustrate the intent of the statutes to hold that a child
is protected from sexual abuse by adults, with or without his consent,
but is not protected from sexual abuse by minors, with or without his
consent. Children are entitled to no less protection from other children
who sexually abuse them than they are from adults who sexually abuse
them.


616 S.W.2d 635, 640-41 (Tex. Civ. App.--San Antonio 1981, writ ref'd n.r.e.). 

 Appellant correctly notes that the public policy behind consent statutes is to
protect children from sexual exploitation as victims. See id. However, it does not
logically follow that these statutes allow a child to engage in delinquent conduct
without fear of adjudication. See id. In fact, appellant's interpretation would
undermine the intent behind these statutes, by encouraging the sexual exploitation of
children, as it would "empower[] pimps to exploit children knowing that they will not
be long removed from the streets because the [f]amily [c]ourt lacks jurisdiction." See
In re C.S., 591 N.Y.S.2d 691, 693 (N.Y. Fam. Ct. 1992). 

 Appellant also argues that the State may not "prosecute" a juvenile for the
offense of prostitution because Texas Penal Code section 43.05 "automatically
[punishes] an adult who causes by any means a child to commit prostitution." See
Tex. Penal Code Ann. § 43.05. In support of her argument, appellant relies upon
Waggoner v. State, 897 S.W.2d 510 (Tex. App.--Austin 1995, no pet.). Without
citing to any specific provision in Waggoner, appellant asserts that the court "may
have recognized that [a] child cannot legally commit [the offense] of prostitution." 
 The offense of compelling prostitution prohibits a "person" from knowingly
causing, "by any means[,] a person younger than 17 years to commit prostitution." 
Tex. Penal Code Ann. § 43.05. In Waggoner, the court simply interpreted the
meaning of causing a child by "any means" to commit the offense of prostitution and
did not consider the child's potential guilt. 897 S.W.2d at 512-13; see Tex. Penal
Code Ann. § 43.05. Waggoner did recognize, however, that section 43.05's purpose
is to protect minors from prostitution by prohibiting "'conduct that exploits the
immature,' regardless of coercion." 897 S.W.2d at 512 (quoting State v. Wood, 579
P.2d 294, 296 (Or. Ct. App. 1978)). 

 We agree that the obvious purpose of section 43.05 is to protect children from
a specified evil, i.e., being caused by any means to commit the offense of prostitution. 
See Tex. Penal Code Ann. § 43.05. However, the statute does not protect a child
from adjudication for engaging in delinquent conduct by committing the offense of
prostitution. See id. As noted above, such an interpretation would undermine the
statute's intent to prevent a person from compelling a child into prostitution by
allowing for children to engage in such conduct without consequence. See C.S., 591
N.Y.S.2d at 693.

 Appellant further argues that the State may not "prosecute" a juvenile for the
offense of prostitution because a juvenile, "caused by any means to commit
prostitution, is unequivocally immune from such prosecution under Texas Penal Code
section 43.06" and, to do so, due to section 43.06's asserted granting of immunity, is
a violation of public policy. Section 43.06 provides, "A party to an offense under
this subchapter may not be prosecuted for any offense about which he is required to
furnish evidence or testify, and the evidence and testimony may not be used against
the party in any adjudicatory proceeding except a prosecution for aggravated perjury." 
Tex. Penal Code Ann. § 43.06(b) (Vernon 2003) (emphasis added). Section 43.06's
"subchapter" includes the offenses of prostitution, promotion of prostitution,
aggravated promotion of prostitution, and compelling prostitution. Id. §§ 43.02-.05
(Vernon 2003). Although a definition of "party" is not provided, the plain meaning
of the word is "a person." See The New Oxford American Dictionary 1247
(2001). 

 Section 43.06 simply provides that a "party"--an adult or a child--is generally
granted immunity if that person was "a party to an offense," which is included in
section 43.06's subchapter, and is required to furnish evidence or testify. Tex. Penal
Code Ann. § 43.06(b); see Butterfield v. State, 992 S.W.2d 448, 449-50 & n.11 (Tex.
Crim. App. 1999). Section 43.06 does not provide that a child may not be adjudicated
for engaging in delinquent conduct by committing the offense of prostitution. 
Moreover, here, section 43.06 is inapplicable because appellant was not "required to
furnish evidence or testify." See Tex. Penal Code Ann. § 43.06(b).

 Finally, appellant argues that the State's "prosecution" of her for the offense
of prostitution violates due process of law because, after appellant ran away from
C.P.S., the State did not investigate "where [a]ppellant was living for those 14
months," appellant cannot legally consent to sex, appellant is immune, under section
43.06, to prosecution for the offense of prostitution, and appellant's adjudication of
guilt stigmatizes her.

 In support of her argument that the State denied her due process of law,
appellant relies upon In re Gault, 387 U.S. 1, 87 S. Ct. 1428 (1967) and In re
Winship, 397 U.S. 358, 90 S. Ct. 1068 (1970). In Gault, the United States Supreme
Court held that a juvenile is entitled to proper notice of the charges against him, the
right to counsel, the privilege against self-incrimination, and the right to
confrontation in a juvenile delinquency adjudication proceeding. 387 U.S. at 33-34,
41, 55-56, 87 S. Ct. at 1446-47, 1451, 1458-59. In Winship, the United States
Supreme Court held that, in a juvenile delinquency adjudication proceeding, the State
must prove that a juvenile committed an offense by using the beyond a reasonable
doubt standard. 397 U.S. at 368, 90 S. Ct. at 1075. 

 However, unlike in Gault and Winship, appellant does not allege, nor does the
record show, that appellant was denied any of the applicable procedural requirements
that due process of law requires for adjudicating a juvenile as engaging in delinquent
conduct. Moreover, the United States Supreme Court in Winship did not hold that the
State may never subject a juvenile to the stigma of a finding that the juvenile violated
a criminal law, just that the State must follow applicable procedural requirements in
adjudicating a juvenile's guilt. See id. at 367, 90 S. Ct. at 1074.

 Accordingly, we hold that a juvenile may be adjudicated as engaging in
delinquent conduct by committing the offense of prostitution. See Tex. Fam. Code
Ann. § 51.03(a)(1); Tex. Penal Code Ann. § 43.02(a). We further hold that the trial
court's adjudication of appellant for engaging in delinquent conduct by committing
the offense of prostitution did not lead to an absurd result, violate due process of law,
or offend public policy. 

 We overrule appellant's three issues.


Conclusion

 We affirm the order of the trial court. 




 

 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


1. See Tex. Fam. Code Ann. § 51.03 (Vernon Supp. 2007).
2. See Tex. Penal Code Ann. § 43.02(a)(1) (Vernon 2003).
3. Although the State, in its brief, argued that appellant had not preserved her issues for
appellate review, the State, at oral argument, conceded that appellant had in fact
preserved the issues for our review. As noted above, appellant asserted her arguments
in her motion for new trial, and the trial court granted her permission to appeal. See
Tex. Fam. Code Ann. § 56.01(b), (n) (Vernon 2002).
4. See Act of May 25, 1973, 63rd Leg., R.S., ch. 544, § 1, sec. 51.03(a), 1973 Tex. Gen.
Laws 1460, 1462 (amended 1987) (current version at Tex. Fam. Code Ann. §
51.03(a) (Vernon Supp. 2007)).