OPINION OF THE COURT
Bruce M. Kaplan, J.
Although we live in a time proclaimed the "Decade of the Child” the life led by C.S. has been anything but child-like.
*1015 When she appeared before this court she appeared notably frail and diminutive for her age of 13. Yet by dint of her false statements, and the indifferent cynicism of a system driven by the need to amass dispositions, she accumulated some 14 convictions based on guilty pleas to loitering for the purpose of engaging in a prostitution offense (Penal Law § 240.37 [2]).
Although this purports to be the "Decade of the Child” a technicality in the law forecloses the ability of our juvenile justice system to reach out, and attempt, purposively, to render aid to this child who far too long ago was denuded of the innocence that should be childhood’s handmaiden.
It is, therefore, with a sense of frustration surmounting one of profound sadness that, in this, the "Decade of the Child”, I was constrained to dismiss this petition charging C. with acts which if done by an adult would constitute the crime of loitering for the purpose of engaging in a prostitution offense (Penal Law § 240.37 [2]). I did so because Penal Law § 240.37 (2) is classified as a violation, and Family Court Act § 301.2 (1), which defines juvenile delinquent, only authorizes prosecution for a crime. It states: " 'Juvenile delinquent’ means a person over seven and less than sixteen years of age, who, having committed an act that would constitute a crime if committed by an adult, (a) is not criminally responsible for such conduct by reason of infancy”.
Therefore, only if Penal Law § 240.37 constitutes a crime may a juvenile delinquency petition be brought.
While once an infringement of this statute could have been prosecuted in Family Court this is not presently the case. This objectionable result stems from the changes in the definition of crime. As observed in his Commentary (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 301.2, at 274-275), Professor Merril Sobie notes that "the present Penal Law, enacted in 1967, defines the word 'crime’ as meaning 'a misdemeanor or a felony’ * * * thus excluding the class of criminal offenses currently termed a 'violation’ ” (see, Penal Law § 10.00 [6]). In contrast, section 487 of the 1909 Penal Law conferred jurisdiction to the Family Court’s predecessor, the children’s court, over anyone under the age of 16 for any violation of law.
A reading of Penal Law § 240.37 (2) surfaces that the initial conviction is deemed a violation. It can be punished as a class B misdemeanor only if such person has been previously con *1016 victed of that section,[1] or Penal Law § 230.00, prostitution, or Penal Law § 230.05, patronizing a prostitute in the second degree.
Since an initial conviction is only classified as a violation, a person under 16 could not be found to be a juvenile delinquent as a result of infringing this section of law unless they previously had been convicted of prostitution or patronizing a prostitute in the second degree. Since juvenile delinquency adjudications are extraordinarily rare for those crimes, the practical effect is that a juvenile can loiter for the purpose of engaging in a prostitution offense innumerable times, and never be adjudicated a juvenile delinquent. The ramifications of this situation are wholly unacceptable. It empowers cynical pimps to exploit children knowing that they will not be long removed from the streets because the Family Court lacks jurisdiction over juveniles accused of this violation absent a predicate conviction for this same violation, and by definition such a conviction is impossible to obtain.
In an age of deadly sexually transmitted diseases, this places young persons who are highly vulnerable, and most needful of protection, outside the authority of the juvenile justice system to aid them.
The instant case speaks volumes to that reality. C. pleaded guilty to some 14 different separate charges of loitering for the purpose of engaging in a prostitution offense. She did so through the expedient of lying about her age to the participants in the system who must attorn to an unrelenting pressure to achieve large volumes of dispositions, rather than to look carefully at a person whose singularly slight stature, frail physique, and obviously youthful features might well have alerted them that she was not over the age of 16.
Indeed, she had absconded from placement on a PINS petition, and as a result of her prostitution activities, had contracted pelvic inflammatory disease, a degenerative condition, which is an occupational hazard in her constrained habitual activity. It was because of her continued remand on this petition that it could be treated.
The present gap in the law can be easily rectified. Prior to *1017 the promulgation of the current Penal Law, the definition of crime would have empowered this court to obtain jurisdiction over C., and if necessary, confine her as an action consistent with her best interests.
While one could request the Legislature to revivify the superseded definition of crime in order to obtain jurisdiction in the future, such an initiative is not necessary. There is precedent in the law for classifying a particular activity as an act of juvenile delinquency by dint of the fact that it is committed by a person under 16.
For example, Penal Law § 265.05 makes it unlawful for a person under the age of 16 to possess any air-gun, spring-gun or dangerous knife, and provides that the person who violates the provisions of this section shall be adjudged a juvenile delinquent. The rationale for this provision is that the Legislature has determined that while certain weapons are lawful for an adult to possess, it should be unlawful for a juvenile to possess them.
In similar manner, Penal Law § 240.37 need only be amended to provide that loitering for the purpose of engaging in a prostitution offense by a person under the age of 16 should be unlawful, and that a person who violates the provisions of that section be adjudged a juvenile delinquent.
It is evident that exploiters of children callously disregard the dignity, safety and well-being of persons under 16 in order to augment the economic benefits that derive from maximizing the amount of time their operatives can remain gainfully occupied on the streets. The inability of the juvenile justice system to protect persons under 16 facilitates their further exploitation and degradation.[2]
It is our obligation, as a society purporting to care for the well-being of its children, to discourage to any extent possible *1018 the victimization of vulnerable young people, and to augment our ability to help them.[3]

. The respondent’s 14 convictions in Criminal Court were dismissed and sealed on July 1,1992, on motion by the Law Guardian, on the grounds that she was under 16 when the acts occurred. This eliminated the predicate convictions.

. Predatory adult panderers are not the only persons who encourage prostitution by persons under 16. They are frequently co-opted into prostitution by their own contemporaries. An interview with Sergeant Bernie Poggioli of the Port Authority Bus Terminal Youth Services Unit provided some valuable insights. For many of these homeless children the incentive for engaging in prostitution is economic desperation driven by their inability to survive on the streets. It is not too long before they begin to deteriorate physically and mentally, compromising their ability to attract a clientele. In turn, they become procurers in their own right acting as spotters and intermediaries. In return for locating or enticing other children into acts of prostitution, they receive a bounty which frequently exceeds the amount that they would receive for sexual favors.

. Although this proceeding- was dismissed, a less stringent hold remained on C. as a result of an outstanding PINS warrant. Since that hold precluded forcible confinement, C. predictably absconded. She has yet to be found.