■ In the Matter of JUSTA D., a Person Alleged to be a Juvenile Delinquent, Appellant. [720 NYS2d 525] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Friedman, J.), dated October 6, 1999, which, upon a fact-finding order of the same court dated September 8, 1999, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal nuisance in the second degree, adjudged her to be a juvenile delinquent and placed her with the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated September 8, 1999.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the proceeding is dismissed.

At about 11:30 P.M., on June 24, 1999, the 14-year-old appellant was observed at an intersection in Queens known to police as a prostitution location, flagging down four cars within a period of approximately 10 minutes. Each time a car stopped, the appellant walked to the driver's side and had a conversation with the driver lasting 30 seconds to a minute.

The Presentment Agency commenced this juvenile delinquency proceeding against the appellant, alleging in its petition that she had committed acts which, if committed by an adult, would have constituted the crime of criminal nuisance in the second degree. The sole count of the petition alleged that the appellant, "did by conduct either unlawful in itself or unreasonable under all the circumstances, knowingly or recklessly create or maintain a condition which endangered the safety or health of a considerable number of persons." The supporting deposition of the police officer witness described the appellant's conduct, and alleged that she created a dangerous condition, in that "while each vehicle was stopped, the flow of

traffic would back up behind that car, often causing traffic to back up into the intersection, and causing other cars to go around the stopped car, into the lane of oncoming traffic."

At the beginning of the probable cause hearing, the appellant moved to dismiss the petition as facially insufficient. The court acknowledged that minor traffic congestion does not rise to the level of "a condition which endangers the safety or health of a considerable number of persons," which is an essential element of Penal Law § 240.45 (1) (*see, People v Daguiar,* 166 Misc 2d 123). Nevertheless, the court declined to dismiss the petition at the pre-hearing stage, reasoning that the supporting deposition suggested that some drivers might have been forced to proceed into oncoming traffic to avoid hitting those cars whose drivers had stopped to solicit sex from the appellant.

The police officer whose supporting deposition accompanied the petition testified at both the probable cause and dispositional hearings. On both occasions, he refused to furnish any specific details about the extent of traffic congestion, and he did not state that he had observed even one car proceed into the lane of oncoming traffic. At the close of the Presentment Agency's case, the appellant again moved for dismissal of the petition based on legal insufficiency. The court again denied the motion and adjudicated the appellant a juvenile delinquent.

A juvenile delinquency petition which, when read together with any accompanying supporting depositions, does not state allegations which provide reasonable cause to believe that the appellant committed the crime or crimes charged, is not facially sufficient (*see,* Family Ct Act §§ 311.1, 311.2). Minor traffic congestion does not rise to the level of "a condition which endangers the safety or health of a considerable number of persons," which is an essential element of Penal Law § 240.45 (1) (*see, People v Daguiar, supra*).

For the foregoing reason, and for the reasons stated in *Matter of Elizabeth G.* ( 280 AD2d 478 [decided herewith]), the petition should have been dismissed. Krausman, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.