■ In the Matter of ELIZABETH G., a Person Alleged to be a Juvenile Delinquent, Respondent. [721 NYS2d 65] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Presentment Agency appeals from an order of the Family Court, Queens County (Lubow, J.), dated May 5, 1999, which dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The 15-year-old respondent was observed shortly before 2:00 A.M. on April 26, 1999, stopping cars with lone male drivers at an intersection in Queens known to police as a prostitution location. According to the arresting officer, she was dressed in an "orange and white skin tight minidress and high heeled pumps." She reportedly flagged down two cars, each time speaking with the male driver for about one minute. According to the police officer, each time a car stopped, other cars behind it were prevented from passing through the intersection. When the first car stopped, some cars honked their horns, and another car attempted unsuccessfully to pass the stopped vehicle on the right to proceed through the intersection.

The Presentment Agency commenced a juvenile delinquency proceeding against the respondent, alleging in its petition that she had committed acts which if committed by an adult would constitute criminal nuisance in the second degree. The Presentment Agency apparently charged criminal nuisance rather than loitering for the purpose of prostitution, because the latter charge, a violation, cannot be the basis for a juvenile delinquency petition (*see, Matter of C.S.,* 155 Misc 2d 1014). Nevertheless, when the respondent moved to dismiss the petition, the Presentment Agency argued, in effect, that the petition should not be dismissed, because it clearly established that the respondent was loitering for the purpose of prostitution. The Family Court granted the respondent's motion to dismiss, finding that the petition was facially insufficient.

The petition was properly dismissed. The petition was facially insufficient because it failed to allege that the respondent "knowingly or recklessly create[d] or maintain[ed] a condition which endanger[ed] the safety or health of a considerable number of persons" (Penal Law § 240.45 [1]; *see, Matter of Justa D.,* 280 AD2d 475 [decided herewith]). The minor and momentary inconvenience to an unspecified, but apparently small, number of motorists was not such a condition (*see, People v Daguiar,* 166 Misc 2d 123).

Furthermore, the Presentment Agency was attempting to circumvent the legislative scheme pursuant to which a juvenile

delinquency proceeding must be predicated on conduct that would constitute a crime, not conduct that would constitute only a violation (*see*, Family Ct Act § 301.2 [1]; Penal Law § 10.00 [1]). Prosecutors are not free to employ the penal statutes in a manner that clearly frustrates the intent of the Legislature (*see*, *People v Allen*, 92 NY2d 378; *People v Snow*, 138 AD2d 217, *affd* 74 NY2d 671). As juvenile delinquency proceedings are akin to criminal proceedings, the Presentment Agency faces the same constraint.

Moreover, in charging criminal nuisance, but attempting to prove loitering for the purpose of prostitution, the Presentment Agency violated the fair notice requirement embodied in both the State and Federal Constitutions (*see*, *People v Iannone*, 45 NY2d 589, 594). This requirement is no less applicable to juvenile delinquency petitions, which must state "the precise crime or crimes charged" (Family Ct Act § 311.1 [3] [e]). The fair notice requirement is violated by the prosecutor's reliance at trial upon a different theory than that set forth in the accusatory instrument (*see*, *People v Grega*, 72 NY2d 489, 493, 495-496; *see also*, *Russell v United States*, 369 US 749). Krausman, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.