■ In the Matter of KENNY L., a Person Alleged to be a Juvenile Delinquent, Appellant. [854 NYS2d 770]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated February 21, 2007, which, upon a fact-finding order of the same court dated January 23, 2007, made after a fact-finding hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), and menacing in the third degree, and the violation of harassment in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years subject to certain conditions. The appeal brings up for review the fact-finding order dated January 23, 2007.

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted

the violation of harassment in the second degree and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), and menacing in the third degree. Furthermore, upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the Family Court's finding that the appellant committed such acts was not against the weight of the evidence.

However, as the presentment agency correctly concedes, the count of the petition charging acts which, if committed by an adult, would have constituted the violation of harassment in the second degree (*see* Penal Law § 240.26 [1]), must be dismissed (*see Matter of David W.*, 28 NY2d 589, 590 [1971]; *Matter of Anna "AA"*, 36 AD2d 1001, 1002 [1971]). A juvenile delinquency proceeding must be predicated on conduct that constitutes a crime, not conduct that would only constitute a violation (*see Matter of Elizabeth G.*, 280 AD2d 478, 478-479 [2001]; Family Ct Act § 301.2 [1]; Penal Law § 10.00 [1]). Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.