274 S.W.3d 179 (2008)
In the Matter of B.W.
No. 01-07-00274-CV.
Court of Appeals of Texas, Houston (1st Dist.).
October 2, 2008.
Rehearing En Banc Overruled November 5, 2008.
*180 Annette Elizabeth Johnson, Houston, TX, for Appellant.
Dan McCrory, William J. Delmore III, Assistant District Attorneys, Houston, TX, for Appellee.
Panel consists of Chief Justice RADACK and Justices JENNINGS and BLAND.

OPINION ON REHEARING
TERRY JENNINGS, Justice.
We deny appellant's motion for rehearing. See TEX.R.APP. P. 49.3. We withdraw our July 31, 2008 opinion, substitute this opinion in its place, and vacate our July 31, 2008 judgment.
Appellant, a juvenile, with an agreed recommendation from the State, pleaded true to engaging in delinquent conduct[1] by committing the offense of prostitution.[2] After the trial court found that appellant had engaged in delinquent conduct and was in need of rehabilitation, it ordered that appellant be placed on probation for one and one-half years in the custody of the Chief Juvenile Probation Officer. In three issues, appellant contends that "a child cannot [legally] consent to sex with an adult" and, therefore, "prosecution" of a thirteen-year-old juvenile for the offense of prostitution leads to an absurd result, violates due process of law, and "offends public policy notions that children [suffering] sexual exploitation must be protected as victims."
We affirm.

Factual and Procedural Background
At appellant's adjudication hearing, the State, before appellant pleaded true to engaging in delinquent conduct, offered into evidence, without objection, a "Stipulation of Evidence," signed by appellant, in which she admitted that she had engaged in delinquent conduct by committing the offense of prostitution. After appellant pleaded true to engaging in the conduct, the State offered into evidence a juvenile probation report regarding appellant's history and the delinquent conduct.
In the report, Juvenile Probation Officer L. Sarfati stated that in November of 2004, appellant, when she was eleven years old, was placed into the custody of Child Protective Services ("C.P.S."). In October of 2005, appellant ran away from her group home facility, and, for the next fourteen months, C.P.S. did not know of her whereabouts.
However, on January 12, 2007, at approximately 10:45 a.m., when appellant was thirteen years old, Houston Police Department Officer Nieto, working undercover in an unmarked car, drove past appellant, and she waved him over. After Nieto stopped his car, appellant approached Nieto and told him that her name was "Cynthia." Nieto asked appellant "what's up," and appellant offered to give Nieto a "blow job" for $20. After Nieto agreed, appellant entered Nieto's car, and he arrested her for the offense of prostitution.
After considering appellant's plea and the information in the report, the trial court found that appellant had engaged in delinquent conduct and was in need of rehabilitation. Appellant subsequently filed a motion for new trial in which she asserted that the State, as a matter of law, may not prosecute a juvenile for the offense of prostitution. The trial court denied appellant's motion, but granted her permission to appeal.

*181 Adjudication for Engaging in Delinquent Conduct
In her three issues, appellant argues that, although the State may "technically" adjudicate a juvenile for an offense that it may bring against an adult, the State cannot legally adjudicate a juvenile as engaging in delinquent conduct by committing the offense of prostitution because "a child cannot [legally] consent to sex with an adult." She asserts that adjudication of a juvenile for the offense of prostitution leads to an absurd result, violates due process of law, and "offends public policy notions that children [suffering] from sexual exploitation must be protected as victims."[3]
The construction to be given to a statute is a question of law. State v. Vasilas, 187 S.W.3d 486, 488 (Tex.Crim.App. 2006). We begin with the plain language of a statute in order to discern its meaning. Id. When a statute does not define a word, we also give the word its plain meaning. State v. Holcombe, 187 S.W.3d 496, 500 (Tex.Crim.App.2006). In determining the plain meaning of a word, "we initially look to dictionary definitions." Id. One of the narrow exceptions to giving a word its plain meaning is if doing so would lead to absurd results. Boykin v. State, 818 S.W.2d 782, 785-86 (Tex.Crim.App. 1991).
The Texas Family Code provides that the juvenile justice courts have jurisdiction in "all cases involving ... delinquent conduct... by a person who was a child." TEX. FAM.CODE ANN. § 51.04(a) (Vernon 2002). A "child" is a person who is ten years old or older and under seventeen years of age. Id. § 51.02(2) (Vernon Supp. 2008). "Delinquent conduct" includes "conduct, other than a traffic offense, that violates a penal law of this state or of the United States punishable by imprisonment or by confinement in jail." Id. § 51.03(a)(1) (Vernon Supp.2008).
A child may be found to have engaged in delinquent conduct only after an adjudication hearing. Id. § 54.03(a) (Vernon Supp. 2008). If the trial court finds that the child engaged in delinquent conduct, the trial court may conduct a disposition hearing. Id. § 54.03(h) (Vernon Supp.2008). Disposition is synonymous with "`sentencing[ ] and is used to honor the non-criminal character of the proceedings.'" In re K.T., 107 S.W.3d 65, 67 (Tex.App.-San Antonio 2003, no pet.) (quoting In re C.S., 804 A.2d 307, 309 n. 2 (D.C.2002)). At the disposition hearing, "[n]o disposition may be made ... unless the child is in need of rehabilitation or the protection of the public or the protection of the child requires that disposition be made." TEX. FAM.CODE ANN. § 54.04(a), (c) (Vernon Supp.2008). If no such findings are made at the disposition hearing, "the [trial] court shall dismiss the child and enter a final judgment without any disposition." Id. § 54.04(c). Moreover, the adjudication or disposition of a child generally does not constitute a criminal conviction. Id. § 51.13(a) (Vernon Supp.2008).
A "person" commits the offense of prostitution if the person "knowingly ... offers to engage, agrees to engage, or engages in sexual conduct for a fee." TEX. PENAL CODE ANN. § 43.02(a) (Vernon 2003). The offense of prostitution is punishable by confinement in jail. See id. §§ 12.22(2), 43.02(a) (Vernon 2003). Thus, a child who *182 commits the offense of prostitution engages in delinquent conduct because prostitution is a penal offense that is punishable by confinement in jail. See TEX. FAM. CODE ANN. § 51.03(a)(1); TEX. PENAL CODE ANN. §§ 12.22(2), 43.02(a)(1).
Here, appellant does not dispute the fact that she engaged in an act that constitutes the offense of prostitution. Nevertheless, she argues that, although, "[i]n 1973, the Texas Legislature applied [all of] the Texas Penal Code to [j]uveniles, making it a part of the Texas Family Code,"[4] the State may not "prosecute" a juvenile for the offense of prostitution because the Texas Legislature could not have intended with "the blanket incorporation" of the Texas Penal Code into the Texas Family Code that a child could commit the offense of prostitution due to it leading to an "absurd result."
We first note that appellant's argument is based on a false premise. She, in fact, was not prosecuted for committing a crime. See TEX. FAM.CODE ANN. § 51.13(a). Also, it does not lead to an absurd result to conclude that the plain meaning of delinquent conduct includes prostitution because the legislature defined delinquent conduct as "conduct ... that violates a penal law." See id. § 51.03(a)(1). In fact, the legislature expressly excluded "a traffic offense" from the definition of delinquent conduct. See id. The legislature was free to exclude section 43.02 from the definition of delinquent conduct, but it did not do so. See id. Moreover, the legislature was also free to not define section 43.02 as applying to any "person," but it also chose not to do so. See TEX. PENAL CODE ANN. § 43.02 (Vernon 2003).
Appellant next argues that the State may not "prosecute" a juvenile for the offense of prostitution because "[t]he statutory goals cannot be harmonized with the prosecution of a 13-year-old child for a prostitution charge," asserting that, to do so, would "not only directly contradict[ ] the language and intent of these other protective statutes in the same chapter and section of the Code[,] but, it weakens them" and would also violate public policy. Appellant refers us to Texas Penal Code section 22.021, the offense of aggravated sexual assault, and Texas Penal Code section 43.05, the offense of compelling prostitution. See id. § 22.021 (Vernon Supp. 2008), § 43.05 (Vernon 2003). Intertwined with this argument, appellant asserts that, because "a child under fourteen cannot legally consent to sex," "[i]t should follow that the legislature could not have intended that a 13-year-old child be prosecuted for an act for which the legislature has specifically provided that the child's consent to the elements of the crime has no legal effect against the child." Appellant relies upon section 43.02's language which provides that appellant had to "offer[ ] to engage ... in sexual conduct for a fee" and, appellant, as a minor, could not make an "offer."
The offense of aggravated sexual assault prohibits a "person" from intentionally or knowingly causing a wide array of sexual contact with a "child." Id. § 22.021. A child is defined as "a person younger than 17 years of age who is not the spouse of the actor." Id. §§ 22.011(c)(1), 22.021(b)(1) (Vernon Supp.2008). The offense of compelling prostitution prohibits a "person" from knowingly causing, "by any means[,] a person younger than 17 years to commit prostitution." Id. § 43.05. *183 Moreover, even if a child consents to sexual activity "in fact," a child under the age of fourteen is incapable of granting legal consent to sexual conduct. May v. State, 919 S.W.2d 422, 424 (Tex.Crim.App.1996); see TEX. PENAL CODE ANN. § 22.021(a)(2)(B).
Appellant asserts that, if she "had begun performance of the act agreed to, the law mandates [that] she is the victim to be protected by the State and her consent, for whatever reason, to the sex act would not be a defense for the adult [who] exploit[ed]" her. However, appellant is an offender who was adjudicated for engaging in delinquent conduct by committing the offense of prostitution. In P.G. v. State, the Fourth Court of Appeals reasoned that a sixteen-year-old child could consent to engaging in delinquent conduct by sexually abusing another child:
[T]he focus of these penal statutes is on the victim and his ability to consent. The statutes evidence an intention to protect a child from anyone who commits a sexual assault on him with or without his consent. It would frustrate the intent of the statutes to hold that a child is protected from sexual abuse by adults, with or without his consent, but is not protected from sexual abuse by minors, with or without his consent. Children are entitled to no less protection from other children who sexually abuse them than they are from adults who sexually abuse them.
616 S.W.2d 635, 640-41 (Tex.Civ.App.-San Antonio 1981, writ ref'd n.r.e.).
Appellant correctly notes that the public policy behind consent statutes is to protect children from sexual exploitation as victims. See id. However, it does not logically follow that these statutes allow a child to engage in delinquent conduct without fear of adjudication. See id. In fact, appellant's interpretation would undermine the intent behind these statutes, by encouraging the sexual exploitation of children, as it would "empower[ ] pimps to exploit children knowing that they will not be long removed from the streets because the [f]amily [c]ourt lacks jurisdiction." See In re C.S., 155 Misc.2d 1014, 591 N.Y.S.2d 691, 693 (N.Y.Fam.Ct.1992).
Appellant also argues that the State may not "prosecute" a juvenile for the offense of prostitution because Texas Penal Code section 43.05 "automatically [punishes] an adult who causes by any means a child to commit prostitution." See TEX. PENAL CODE ANN. § 43.05. In support of her argument, appellant relies upon Waggoner v. State, 897 S.W.2d 510 (Tex.App.-Austin 1995, no pet.). Without citing to any specific provision in Waggoner, appellant asserts that the court "may have recognized that [a] child cannot legally commit [the offense] of prostitution."
The offense of compelling prostitution prohibits a "person" from knowingly causing, "by any means[,] a person younger than 17 years to commit prostitution." TEX. PENAL CODE ANN. § 43.05. In Waggoner, the court simply interpreted the meaning of causing a child by "any means" to commit the offense of prostitution and did not consider the child's potential guilt. 897 S.W.2d at 512-13; see TEX. PENAL CODE ANN. § 43.05. Waggoner did recognize, however, that section 43.05's purpose is to protect minors from prostitution by prohibiting "`conduct that exploits the immature,' regardless of coercion." 897 S.W.2d at 512 (quoting State v. Wood, 34 Or.App. 569, 579 P.2d 294, 296 (1978)).
We agree that the obvious purpose of section 43.05 is to protect children from a specified evil, i.e., being caused by any means to commit the offense of prostitution. See TEX. PENAL CODE ANN. § 43.05. However, the statute does not protect a child from adjudication for engaging in delinquent conduct by committing the offense *184 of prostitution. See id. As noted above, such an interpretation would undermine the statute's intent to prevent a person from compelling a child into prostitution by allowing for children to engage in such conduct without consequence. See C.S., 591 N.Y.S.2d at 693.
Appellant further argues that the State may not "prosecute" a juvenile for the offense of prostitution because a juvenile, "caused by any means to commit prostitution, is unequivocally immune from such prosecution under Texas Penal Code section 43.06" and, to do so, due to section 43.06's asserted granting of immunity, is a violation of public policy. Section 43.06 provides, "A party to an offense under this subchapter may not be prosecuted for any offense about which he is required to furnish evidence or testify, and the evidence and testimony may not be used against the party in any adjudicatory proceeding except a prosecution for aggravated perjury." TEX. PENAL CODE ANN. § 43.06(b) (Vernon 2003) (emphasis added). Section 43.06's "subchapter" includes the offenses of prostitution, promotion of prostitution, aggravated promotion of prostitution, and compelling prostitution. Id. §§ 43.02-.05 (Vernon 2003).
Section 43.06 simply provides that a "party"an adult or a childis generally granted immunity if that person was "a party to an offense," which is included in section 43.06's subchapter, and is required to furnish evidence or testify. TEX. PENAL CODE ANN. § 43.06(b); see Butterfield v. State, 992 S.W.2d 448, 449-50 & n. 11 (Tex.Crim.App.1999). Section 43.06 does not provide that a child may not be adjudicated for engaging in delinquent conduct by committing the offense of prostitution. Moreover, here, section 43.06 is inapplicable because appellant was not "required to furnish evidence or testify." See TEX. PENAL CODE ANN. § 43.06(b).
Finally, appellant argues that the State's "prosecution" of her for the offense of prostitution violates due process of law because, after appellant ran away from C.P.S., the State did not investigate "where [a]ppellant was living for those 14 months," appellant cannot legally consent to sex, appellant is immune, under section 43.06, to prosecution for the offense of prostitution, and appellant's adjudication of guilt stigmatizes her.
In support of her argument that the State denied her due process of law, appellant relies upon In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) and In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In Gault, the United States Supreme Court held that a juvenile is entitled to proper notice of the charges against him, the right to counsel, the privilege against self-incrimination, and the right to confrontation in a juvenile delinquency adjudication proceeding. 387 U.S. at 33-34, 41, 55-56, 87 S.Ct. at 1446-47, 1451, 1458-59. In Winship, the United States Supreme Court held that, in a juvenile delinquency adjudication proceeding, the State must prove that a juvenile committed an offense by using the beyond a reasonable doubt standard. 397 U.S. at 368, 90 S.Ct. at 1075.
However, unlike in Gault and Winship, appellant does not allege, nor does the record show, that appellant was denied any of the applicable procedural requirements that due process of law requires for adjudicating a juvenile as engaging in delinquent conduct. Moreover, the United States Supreme Court in Winship did not hold that the State may never subject a juvenile to the stigma of a finding that the juvenile violated a criminal law, just that the State must follow applicable procedural requirements in adjudicating a juvenile's guilt. See id. at 367, 90 S.Ct. at 1074.
*185 Accordingly, we hold that a juvenile may be adjudicated for engaging in delinquent conduct by committing the offense of prostitution. See TEX. FAM.CODE ANN. § 51.03(a)(1); TEX. PENAL CODE ANN. § 43.02(a). We further hold that the trial court's adjudication of appellant for engaging in delinquent conduct by committing the offense of prostitution did not lead to an absurd result, violate due process of law, or offend public policy.
We overrule appellant's three issues.

Conclusion
We affirm the order of the trial court.
NOTES
[1] See TEX. FAM.CODE ANN. § 51.03 (Vernon Supp.2008).
[2] See TEX. PENAL CODE ANN. § 43.02(a)(1) (Vernon 2003).
[3] Although the State, in its brief, argued that appellant had not preserved her issues for appellate review, the State, at oral argument, conceded that appellant had in fact preserved the issues for our review. As noted above, appellant asserted her arguments in her motion for new trial, and the trial court granted her permission to appeal. See TEX. FAM.CODE ANN. § 56.01(b), (n) (Vernon 2002).
[4] See Act of May 25, 1973, 63rd Leg., R.S., ch. 544, § 1, sec. 51.03(a), 1973 TEX. GEN. LAWS 1460, 1462 (amended 1987) (current version at TEX. FAM.CODE ANN. § 51.03(a) (Vernon Supp.2008)).