Affirmed and Opinion filed June 18, 2009








Affirmed and Opinion filed June 18, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01079-CV

____________

 

IN THE MATTER OF B.D.S.D.

 



 

On Appeal from the 315th
District Court

Harris County, Texas

Trial Court Cause No. 2007-08059J

 



 

O P I N I O N

Appellant was adjudicated as a juvenile for engaging in
delinquent conduct by committing the offense of prostitution.  In two issues,
she challenges the adjudication of the offense, arguing (1) her right to due
process was violated when the State failed to investigate whether she was Acaused by any
means to commit prostitution@; and (2) as a result of the State=s failure to
conduct such an investigation, adjudication of the offense Aoffends public
policy notions that child victims of sexual exploitation must be protected.@  We affirm.

I.  Factual and Procedural Background








Appellant, a sixteen-year-old girl, was alleged to have
engaged in delinquent conduct by committing the offense of prostitution.  At an
adjudication hearing, the trial court reviewed a signed stipulation of
evidence, in which appellant judicially confessed that she had knowingly agreed
to engage in sexual conduct, namely sexual intercourse, for a fee.  With an
agreed recommendation from the State, appellant asked the trial court to accept
the stipulation.  The trial court made an affirmative finding that appellant
had engaged in delinquent conduct by committing the offense of prostitution,
that she was in need of rehabilitation, and that a disposition was required. 

The State next offered, without objection, a juvenile
probation report, outlining appellant=s personal
information and delinquent conduct.  The report indicated that appellant had
run away from her mother=s home several months before the incident
resulting in the charged offense and, at the time, lived with an adult male
whose name appellant chose not to disclose.  At the adjudication hearing,
appellant stated that, after she ran away from home, she lived with two
friends, an adult male and an adult female.  Appellant stated that neither of
these adults knew that she was engaging in prostitution.  Appellant claimed
that she does not take drugs but that she engages in prostitution for the money
Ato buy things@ that she wants. 
The trial court accepted the State=s recommendation
and ordered appellant, among other things, to complete one year of probation
and fifteen hours of community service.  The trial court ordered that appellant
be placed in the custody of the Chief Juvenile Probation Officer.

Appellant filed a motion for new trial.  In the motion, she
asserted that evidence was raised at the adjudication hearing that would make
appellant immune from prosecution under sections 43.05 and 43.06 of the Texas
Penal Code, and therefore, the trial court=s adjudication
denied her due process and led to an absurd result.  The trial court denied
appellant=s motion and granted her permission to appeal.

 

 








II.  Issues and Analysis

Appellant does not dispute that she engaged in an act that
constitutes the offense of prostitution.  Rather, appellant argues that the
Texas legislature=s 1973 adoption of the Penal Code, as
applied to juveniles in the Family Code,[1]
evinces that the legislature Acould not have intended prosecuting a
child for prostitution@[2] when, under
section 22.021 of the Texas Penal Code, a child cannot consent to sexual
conduct with an adult and,  under sections 43.05 and 43.06 of the Texas Penal
Code, Aa person under 17
caused by any means to commit prostitution is immune from prosecution.@  Appellant
presents the following two appellate issues and asks this court to reverse and
remand the case Afor disposition on an appropriate basis@:

1.       Whether adjudication for engaging in
delinquent conduct violated appellant=s right to due process when the State did not investigate
whether she was caused by any means to commit prostitution.

2.       Whether adjudication for engaging in
delinquent conduct Aoffends public policy notions that
child victims of sexual exploitation must be protected@ when the State did not investigate
whether she was caused by any means to commit prostitution.








We review issues of statutory construction de novo.  See
Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 222
(Tex. 2002); In re Smith, 260 S.W.3d 568, 572 (Tex. App.CHouston [14th
Dist.] 2008, orig. proceeding).  In construing a statute, our objective is to
determine and give effect to the legislative intent of the provision.  See
Nat=l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525,
527 (Tex. 2000).  If possible, we must ascertain that intent from the language
the legislature used in the statute and not look to extraneous matters for an
intent the statute does not state.  Id.  If the meaning of the statutory
language is unambiguous, we adopt the interpretation supported by the plain
meaning of the provision=s words.  St. Luke=s Episcopal Hosp.
v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997); In re Smith, 260 S.W.3d at
572.  We must not engage in forced or strained construction; instead, we must
yield to the plain sense of the words the legislature chose.  Id.

III. 
Analysis

Appellant complains that she was denied due process of law
and that notions of public policy were offended when she was adjudicated for
engaging in delinquent conduct without a State investigation into whether she
was caused by any means to commit the offense of prostitution.  She argues that
the Texas legislature did not intend for children to be prosecuted for
prostitution and refers this court to sections 22.021, 43.05, and 43.06 of the
Texas Penal Code as evidence of the legislature=s intent.[3]

Adjudication of a Juvenile who Engaged in Delinquent
Conduct by Committing the Offense of Prostitution under Section 43.02 of
the Texas Penal Code

Under the Texas Family Code, juvenile justice courts have
jurisdiction over all cases involving delinquent conduct by a person who was a
child at the time the person engaged in the conduct.  Tex. Fam. Code Ann. ' 51.04(a) (Vernon
2008).  A Achild@ is a person who is ten years of age or
older and under seventeen years of age.  Id. ' 51.02(2) (Vernon
2009).  Delinquent conduct is defined, among other things, as Aconduct, other
than a traffic offense, that violates a penal law of this state or of the
United States punishable by imprisonment or by confinement in jail.@  Id. ' 51.03(a)(1)
(Vernon 2008).  








A child may be found to have engaged in delinquent conduct
only after an adjudication hearing.  Id. ' 54.03 (Vernon
2009).  Upon finding that a child has engaged in delinquent conduct, a trial
court may conduct a disposition hearing.  See id. ' 54.03(h). 
Disposition is akin to sentencing and A>is used to honor
the non-criminal character of the [juvenile] proceedings.=@  In re K.T.,
107 S.W.3d 65, 67 (Tex. App.CSan Antonio 2003, no pet.) (quoting In
re C.S., 804 A.2d 307, 309 n.2 (D.C. 2002)).  An order of adjudication or
disposition of a child generally does not constitute a criminal conviction.  See
Tex. Fam. Code Ann. ' 51.13(a) (Vernon
2009).

Under section 43.02 of the Texas Penal Code,[4]
entitled AProstitution,@ a person commits
the offense of prostitution if that person Aknowingly . . .
offers to engage, agrees to engage, or engages in sexual conduct for a fee.@  Tex. Penal Code Ann. ' 43.02(a)(1)
(Vernon 2003).  The offense of prostitution is punishable by confinement in
jail.  Id. '' 12.22(2), 43.02(a) (Vernon Supp. 2008). 
Therefore, after an adjudication hearing, a child who has committed the offense
of prostitution may be found to have engaged in delinquent conduct, because
prostitution is conduct, other than a traffic offense, that violates a section
of the Texas Penal Code that is punishable by confinement in jail.  See Tex. Fam. Code Ann. '' 51.03(a)(1),
54.03; Tex. Penal Code Ann. '' 12.22(2),
43.02(a)(1).








Under the unambiguous language of section 43.02, a Aperson@[5] commits the
offense of prostitution if that person Aknowingly . . .
offers to engage, agrees to engage, or engages in sexual conduct for a fee.@  Tex. Penal Code Ann. ' 43.02(a); see
In re B.W., 274 S.W.3d 179, 182 (Tex. App.CHouston [1st
Dist.] 2008, pet. filed) (providing that the legislature could have drafted
section 43.02 so that it did not apply to every Aperson,@ but the
legislature chose not to do so).  By its very language, the statutory
definition of Aprostitution@ in section 43.02
is not limited to conduct by adults.  See Tex. Penal Code Ann. ' 43.02(a)
(providing that a Aperson@ commits the
offense of prostitution); see also In re B.W., 274 S.W.3d at 185
(holding that a juvenile may be adjudicated for the engaging in delinquent
conduct by committing the offense of prostitution).  Because prostitution is
punishable by confinement in jail under the Texas Penal Code, a child who has
committed the offense of prostitution under section 43.02 of the Texas Penal
Code may be found to have engaged in delinquent conduct.  See Tex. Fam. Code Ann. '' 51.03(a)(1),
54.03; Tex. Penal Code Ann. '' 12.22(2),
43.02(a)(1); In re B.W., 274 S.W.3d at 181B82.  

Under the Texas Family Code, appellant was a Achild@ both when she
engaged in the delinquent conduct and at the adjudication hearing.  See
Tex. Fam. Code Ann. ' 51.02(2).  Under
the unambiguous language of the relevant statutes, appellant was a child
eligible to be adjudicated for engaging in delinquent conduct by committing the
offense of prostitution. See Tex.
Fam. Code Ann. ' 51.03(a)(1); Tex. Penal Code Ann. ' 43.02(a)(1); In
re B.W., 274 S.W.3d at 185.  However, we next consider appellant=s arguments that
sections 43.05 and 43.06 of the Texas Penal Code signal a legislative intent to
protect children from prosecution for prostitution by providing for the
prosecution of the adults involved in the offense under section 43.05 and by
granting immunity from prosecution under section 43.06. 

The Offense of Compelling Prostitution under Section 43.05 of the Texas Penal Code

Appellant claims that the Texas legislature did not intend
to prosecute juveniles for prostitution because, under section 43.05 of the
Texas Penal Code, entitled ACompelling Prostitution,@ adult Aexploiters@ of prostitution
are prosecuted, and children are protected from sexual exploitation and
prosecution.








Under section 43.05, a person commits the offense of
compelling prostitution if that person Aknowingly (1)
causes another by force, threat, or fraud to commit prostitution; or (2) causes
by any means a person younger than 17 years to commit prostitution.@  Tex. Penal Code Ann. ' 43.05(a)(2)
(Vernon 2003).  As used in this statute, Aprostitution@ means Athe offense
defined in section 43.02.@  Id.
' 43.01(2) (Vernon
2003).  Under the unambiguous language of section 43.05, a person under the age
of seventeen can commit the offense of prostitution.  See id., ' 43.05(a)(2). 

Appellant relies on Waggoner v. State and asserts
that the Austin Court of Appeals Amay have already
recognized that the child cannot commit an act of prostitution.@  See 897
S.W.2d 510, 513 (Tex. App.CAustin 1995, no pet.).  The Austin Court
of Appeals in Waggoner interpreted the meaning of Acausing@ a child Aby any means@ to commit
prostitution under subsection 43.05(a)(2).  See id. at 512B13.  However, the Waggoner
court did not consider the juvenile=s potential guilt
when concluding evidence was sufficient to conclude the defendant committed the
offense of compelling prostitution.  See id.; see also In re B.W., 274 S.W.3d at 183
(distinguishing Waggoner in response to similar argument).  The Waggoner
court did not address the issue of whether a child could commit an act of
prostitution or engage in delinquent conduct by committing the offense of
prostitution.  See id. at 511B13.








The purpose of subsection 43.05(a)(2) is to protect
children under the age of seventeen from being caused to commit the offense of
prostitution.[6] 
See Tex. Penal Code Ann. ' 43.05(a)(2);
In re B.W., 274 S.W.3d at 183.  Although appellant correctly notes
that public policy is served by protecting juveniles from being caused by any
means to commit prostitution as contemplated by section 43.05(a)(2), it is
illogical to conclude that, because it is an offense to knowingly cause a
person younger than seventeen years to commit prostitution, a person younger
than seventeen years cannot commit prostitution.  See In re B.W., 279
S.W.3d at 183.  This argument contradicts the plain meaning of section 43.05,
and if accepted, would mean that a juvenile could engage in conduct
constituting prostitution without fear of adjudication.  See id.; P.G.
v. State, 616 S.W.2d 635, 640B41 (Tex. App.CSan Antonio 1981,
writ ref=d n.r.e.); see
also In re C.S., 591 N.Y.S.2d 691, 693 (N.Y. Fam. Ct. 1992) (providing that
to allow juveniles to engage in delinquent conduct without fear of adjudication
would Aempower[] pimps to
exploit children [by] knowing that they will not be long removed from the
streets because the [f]amily [c]ourt lacks jurisdiction.@).  

In this case, appellant was adjudicated as an offender who
engaged in delinquent conduct by committing the offense of prostitution under
section 43.02; she was not adjudicated as a victim of sexual conduct.  See
Tex. Penal Code Ann. ' 43.02; see
also In re B.W., 279 S.W.3d at 183 (responding to an argument that
by beginning performance of the prostitution act, as agreed, appellant is
protected by law as a victim such that her consent could not be used as a
defense by the adult who Aexploited@ her).  Section
43.05 does not protect a juvenile from adjudication for engaging in delinquent
conduct by committing the offense of prostitution.  See Tex. Penal Code Ann. ' 43.05; In re
B.W., 279 S.W.3d at 183B84.  Such an
interpretation would contradict the plain meaning of the relevant statutes.  See
Tex. Fam. Code Ann. ' 51.03(a)(1); Tex. Penal Code Ann. '' 43.02, 43.05; In
re B.W., 274 S.W.3d at 185.  

Juvenile=s Offer or
Agreement to Engage in Sexual Conduct

Appellant claims that under the Texas Penal Code, children
cannot legally consent to sex and therefore the Texas legislature never
intended that juveniles be prosecuted for prostitution.  Appellant refers to
section 22.021, in which the legislature defines the offense of aggravated
sexual assault, and section 43.05, in which the legislature defines the offense
of compelling prostitution, for support that a juvenile cannot consent to
sexual conduct.  Appellant specifically asserts, A[i]t does not make
sense that a child=s consent to sex under section 43.02, has
legal effect, but a child=s consent to sex under [sections] 22.021
and 43.05, has no legal effect.@








Under section 22.021(a)(2), entitled AAggravated Sexual
Assault,@ a person commits
the offense of aggravated sexual assault if that person intentionally or
knowingly engages in one or more acts of sexual conduct with a Achild.@  See Tex. Penal Code Ann. ' 22.021(a)(1)(B)
(Vernon 2003); In re B.W., 274 S.W.3d at 182; see also Tex. Penal Code Ann. '' 22.011(a)(2)
(Vernon Supp. 2008) (defining sexual assault of a child).  Under the Texas
Penal Code, a Achild@ is considered Aa person younger
than 17 years of age who is not the spouse of the actor.@  Tex. Penal Code Ann. '' 22.011(c)(1),
22.021(b)(1) (Vernon Supp. 2008).  As discussed above, under section 43.05, the
offense of compelling prostitution prohibits a Aperson@ from knowingly
causing by any means Aa person younger than 17 years to commit
prostitution.@  Id. ' 43.05. 
Prostitution, as discussed above regarding section 43.02, occurs when a Aperson@ knowingly Aoffers to engage,
agrees to engage, or engages in sexual conduct for a fee.@  Id. ' 43.02(a).

Under the unambiguous language of section 22.021 as well as
section 22.011, entitled ASexual Assault,@ a child=s lack of consent
is irrelevant to the determination of whether an accused is guilty of one of
these offenses.  See id. '' 22.021, 22.011. 
Even if a child consents or agrees to the sexual activity in fact, such consent
is not given consideration for an offense that does not require proof that the
victim did not consent.  See May v. State, 919 S.W.2d 422, 424 (Tex.
Crim. App. 1996).  A child=s agreement or consent to engage in sexual
contact or conduct with an adult is irrelevant to the adult=s commission of
the serious criminal offenses set forth in these sections of the Texas Penal
Code.  See Tex. Penal Code
Ann. '' 21.021, 22.011; May,
919 S.W.2d at 424.  However, in none of these statutes did the Texas
legislature state that a child cannot offer or agree to engage in sexual conduct
with an adult.  See id. '' 21.021, 22.011. 
Under the plain meaning of the prostitution statute, a child under the age of
seventeen can engage in the conduct described in the statute.  See id.
' 43.02(a)(1); In
re B.W., 274 S.W.3d at 185.  We find no merit in appellant=s argument that
these statutes cannot be harmonized to give each of them effect.[7]

 








Immunity of a Party to Prostitution under Section 43.06 of
the Texas Penal Code

Appellant argues that under section 43.06(b) children are
unequivocally immune from prosecution.  Appellant has provided no case law
applying this statute; however, she asserts that the legislative history of
section 43.06 confirms the legislature=s purported intent
to protect children from sexual exploiters and prosecution.  

Section 43.06 of the Texas Penal Code, entitled AAccomplice
Witness; Testimony and Immunity,@ is set forth
below:

(a)     A party to an offense under this subchapter
may be required to furnish evidence or testify about the offense.

(b)     A party to
an offense under this subchapter may not be prosecuted for any offense about
which he is required to furnish evidence or testify, and the evidence and
testimony may not be used against the party in any adjudicatory proceeding
except a prosecution for aggravated perjury.

Tex. Penal Code Ann.
' 43.06 (Vernon
2003).  Section 43.06 applies to a Aparty to an
offense under this subchapter.@  Id.  The subchapter, containing
section 43.06, includes the following offenses:  prostitution, promotion of
prostitution, aggravated promotion of prostitution, and compelling
prostitution.  See id. '' 43.02B.05.  As discussed
above, a Aperson@Can adult or a
childCcan commit the
offense of prostitution.  See id. ' 43.02(a); In
re B.W., 274 S.W.3d at 182. 








Under the unambiguous language of section 43.06, a Aparty@ may be granted
immunity if (1) that party is a Aparty to an
offense,@ (2) the offense
is included in the subchapter within which 43.06 is contained, and (3) the
party was required to furnish evidence or testify about the offense.  See Tex. Penal Code Ann. ' 43.06(b); In
re B.W., 274 S.W.3d at 184.  The plain language of section 43.06 does not
provide that a child may not be adjudicated for engaging in delinquent conduct
by committing the offense of prostitution.  See Tex. Penal Code Ann. ' 43.06(b); In
re B.W., 274 S.W.3d at 184.  Although appellant advances argument that the
main purpose of section 43.06 is to protect victimized children or child
prostitutes, under its plain meaning, the statute protects from prosecution
parties to prostitution, promotion of prostitution, aggravated promotion of
prostitution, or compelling prostitution who are required to furnish evidence
or testify about the offense.  Tex. Penal
Code Ann. ' 43.06(a).  The offenses about which a
party may be compelled to testify are offenses that could involve either child
prostitutes or adult prostitutes.  See id. '' 43.06 (specifying
a Aparty to an
offense under this subchapter@ receives immunity), 43.02(a)(2)
(specifying a Aperson@ commits the offense of prostitution). 

Immunity under section 43.06 is triggered only when a party
to prostitution, promotion of prostitution, aggravated promotion of
prostitution, or compelling prostitution is Arequired to
furnish evidence or testify about the offense.@  Id. ' 43.06(a).  There
is no evidence in our record that any adult with whom appellant was living
committed an offense under section 43.05 by knowingly causing appellant to
commit prostitution.  Even if an adult with whom appellant was living had
committed such an offense, appellant would have no immunity under section 43.06
on those facts alone.  See In re B.W., 274 S.W.3d at 184 (providing that
Asection 43.06 was
inapplicable because the juvenile appellant was not >required to
furnish evidence or testify=@).  Unless
appellant was required to furnish evidence or testify about this adult=s conduct in
knowingly causing appellant to commit prostitution, appellant would have no
immunity under this statute.  See Tex.
Penal Code Ann. ' 43.06.  The record does not
reflect that appellant was Arequired to furnish evidence or testify@ as set forth in
section 43.06.  See id. ' 43.06(b); In re B.W., 274 S.W.3d
at 184.  Therefore, on the facts of this record, appellant is not immune from
adjudication under section 43.06.  See In re B.W., 274 S.W.3d at
184. 

The State=s Purported Duty
to Investigate








Appellant argues that the State has an obligation to
enforce section 43.05 by investigating facts.  According to appellant, the fact
that she was a run-away juvenile, who lived with an adult male whose identity
she did not want to disclose, triggered an affirmative duty on the part of the
State to investigate whether appellant was caused by any means to commit the
offense as specified in section 43.05.  The State did not conduct such an
investigation.  Appellant claims that because the State did not
investigate these facts, she was denied immunity under section 43.06, which, in
turn, denied her due process and was contrary to public policy.[8]

Appellant refers this court to chapter 261 of the Texas
Family Code, entitled AInvestigation of Report of Child Abuse or
Neglect,@ and claims that
the Alaw requires
reporting when any person believes that a child is being abused, neglected or
exploited.@  Although appellant cites in general chapter 261 of
the Texas Family Code for support that she claims affirmatively requires the
State to investigate compulsion of prostitution, she does not cite any specific
section within the Family Code for this proposition.[9] 
Appellant claims the ALegislature=s mandate in section 43.05 [of the
Texas Penal Code] is directed at the State and adults.@  For this proposition, appellant
cites sections 261.001(1)(E) and 261.001(1)(G) of the Family Code.  See Tex. Fam. Code Ann. '' 261.001(1)(E) (defining Aabuse@ as sexual conduct as defined in
sections 22.021 and 22.011 of the Texas Penal Code), 261.001(1)(G) (Vernon
2008) (defining Aabuse@ as Acompelling or encouraging the child to engage in sexual
conduct as defined by Section 43.01@ of the Texas Penal Code).  However, none of
the Family Code provisions on which appellant relies mention anything about an
investigation by the State.  On the facts asserted by appellant, there is no
indication that the undisclosed adult male engaged in conduct specified in
section 43.05 of the Texas Penal Code to warrant any investigationCparticularly in
light of appellant=s admission at the adjudication hearing,
as reflected in the record, that neither the adult male nor the adult female
with whom appellant lived knew she engaged in prostitution.








Likewise, appellant has provided no legal authority[10]
indicating that an investigation by the State was a procedural prerequisite
under the Due Process Clause to seek adjudication against her.  Appellant
relies on In re Gault, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d. 527
(1967), and In re Winship, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d
368 (1970) for support that she was denied due process of law by the State=s failure to
investigate.  In In re Gault, the United States Supreme Court held that
a juvenile is entitled to proper notice of the charges, the right to counsel, the
privilege against self-incrimination, and the right to confrontation in a
juvenile-delinquency adjudication proceeding.  See 387 U.S. at 33B34, 41, 55B56, 87 S. Ct. at
1446B47, 1451, 1458B59.  In In re
Winship, the high court held that the State must prove beyond a reasonable
doubt that a juvenile committed an offense.  See 397 U.S. at 368, 90 S.
Ct. at 1075.

Unlike the juveniles in In re Gault and In re
Winship, appellant does not allege, nor does the record reflect, that she
was denied any of the applicable procedural safeguards that 








due
process requires for adjudicating a juvenile who has been accused of engaging
in delinquent conduct.  See In re B.W., 274 S.W.3d at 184
(distinguishing In re Gault and In re Winship as to a similar
argument with similar facts).  Appellant has provided no legal authority
indicating that the State, in seeking adjudication against her without first
conducting an investigation, violated any substantive due process rights under
the Due Process Clause or the Due Course of Law Clause.  As to appellant=s argument that
notions of fair play and substantial justice demand that a juvenile should not
carry the stigma of being prosecuted for prostitution, we note that the Supreme
Court in In re Winship required the State to follow applicable
procedural requirements in the adjudication of a juvenile=s guilt.  See
id. (rejecting similar argument).  The Winship court did not hold
that the State may never subject a juvenile to the stigma of finding that a
juvenile violated a criminal law.  See In re Winship, 397 U.S. at
367, 90 S. Ct. at 1074 (providing that a juvenile=s conduct may
require judicial intervention, but the intervention cannot subject a child to
the stigma of finding a child violated a criminal law based on insufficient
proof); see also In re B.W., 274 S.W.3d at 184 (distinguishing Winship
on same basis).  For these reasons, appellants arguments lack merit.

IV.  Conclusion

Under the unambiguous language of section 43.02, a juvenile
may be adjudicated for engaging in delinquent conduct by committing the offense
of prostitution.  See Tex. Fam.
Code Ann. ' 51.03(a)(1); Tex. Penal Code Ann. ' 43.02(a); In
re B.W., 274 S.W.3d at 185.  The State was not obligated to investigate
whether an adult caused appellant by any means to commit prostitution. 
Furthermore, because appellant was not required to furnish evidence or testify
about the offense, appellant was not immune from prosecution.  Based on the
record and existing law, adjudication of appellant for engaging in delinquent
conduct by committing the offense of prostitution did not violate due process
of law or offend public policy.  See In re B.W., 274 S.W.3d at 185. 
Therefore, we overrule appellant=s first and second
issues, and we affirm the trial court=s judgment. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of
Justices Frost, Guzman, and Sullivan.

 









[1]  See Tex.
Fam. Code Ann. ' 51.03(a)(1) (Vernon 2008) (stating that delinquent
conduct is, among other things, conduct, other than a traffic offense, that
violates a Texas penal law punishable by imprisonment or by confinement in
jail); see also Act of May 25, 1973, 63rd Leg., R.S., ch. 544, ' 1, sec. 51.03(a), 1973 Tex. Gen. Laws 1460, 1462
(amended 1987) (current version at Tex.
Fam. Code Ann. ' 51.03(a)).





[2]  We first note that appellant=s argument is based on the false premise that she was Aprosecuted@
for a crime.  Appellant was not prosecuted for committing a crime.  See Tex. Fam. Code Ann. ' 51.13(a) (AExcept
as provided by Subsection (d), an order of adjudication or disposition in a
proceeding under this title is not a conviction of a crime.@); In re B.W., 274 S.W.3d 179, 182 (Tex. App.CHouston [1st Dist.] 2008, pet. filed) (involving
similar argument that a juvenile appellant was Aprosecuted@ for prostitution).





[3]  For the purposes of our analysis, we presume,
without deciding, that appellant=s
arguments are not barred by her confession in the stipulation of evidence or by
the trial court=s adjudication of appellant based on this agreement.





[4]  Unless otherwise specified, hereinafter all
references to a Asection@
are to the Texas Penal Code.





[5]  A Aperson@ is defined in the Texas Penal Code as Aan individual, corporation, or association.@  Tex. Penal
Code Ann. ' 1.07(38) (Vernon 2003).





[6]  Under section 43.05(a)(1), it is an offense to
knowingly cause a person of any age by force, threat, or fraud to commit
prostitution.  See Tex. Penal
Code Ann. ' 43.05(a)(1).





[7]  Although appellant refers the court to literature
pertaining to the exploitation of children, appellant has cited no legal
authority holding that a child under seventeen years of age cannot be
adjudicated for engaging in delinquent conduct by committing the offense of
prostitution. 





[8]  As discussed above, we have determined that based on
these facts appellant was not immune from prosecution under section 43.06.





[9]  See generally
Tex. Fam. Code Ann. '' 261.001B.410
(Vernon 2009).





[10]  Appellant claims that her living arrangements
involving the undisclosed male adult are consistent with results shown in
national studies and other literature identifying people who are in danger of
being compelled to engage in prostitution and otherwise sexually exploited. 
Appellant refers this court to literature and studies that she claims recognize
the Acommon threads linking exploited juvenile girls@ to prostitution and argues that her circumstances
raised similar red flags warranting the State=s investigation of her as a victim.